## SPOTSWOOD v INDUSTRIAL COMM

Ohio Appeals, 2nd Dist, Franklin Co

No 2383. Decided March 28, 1934

Jones & Henderson, Columbus, for plaintiff in error.

Donald G. Hoskins, Prosecuting Attorney, Columbus, and Henry Holden, Asst. Prosecuting Atty., Columbus, for defendant in error.

## OPINION

By BARNES, J.

The petition in error sets out seven specifications of error, but in the brief of counsel for plaintiff in error we find the following:

"The only question involved in this case is whether the verdict was contrary to the manifest weight of the evidence as to whether the death of the employee was caused or accelerated by the accidental injury sustained by him during the course of his employment, or whether his death resulted from disease or illness and was not accelerated by the accidental injuries."

We will give major attention to this one question. The bill of exceptions is regular, showing the filing within the statutory time; presentation to opposite counsel; no objections or amendments being suggested; the presentation to the trial judge, and the allowing, signing and sealing of same, and return to the clerk.

Appended to the certificate is the following:

"The above is a transcript of evidence taken before the Industrial Commission and does not show the rulings in the Court of Common Pleas as no stenographer was requested. Scarlett, J."

Counsel for the Industrial Commission complain that the bill of exceptions does not meet the statutory requirements.

There is no prescribed form of presenting bills of exceptions, nor does the law require the attendance of a court reporter in order that a record may be made up for review. It formerly was the universal practice to present bills of exceptions in narrative form, and this method is still permitted, if desired. When the clerk of courts notified counsel for defendant in error that a bill of exceptions was on file, it was their duty to go through and suggest corrections and amendments thereto. Failure so to do is evidence of its correctness.

When presented to the trial court there was the same duty to correct and then sign as a true bill. The certificate attached is regular and shows that there was full compliance with this provision of the trial court. The appended matter above referred to is inconsistent with the certificate. We shall consider the bill as though no such question was raised.

We have examined the evidence fully and very carefully, and, considering the same as a whole, find ample room for the jury to arrive at either conclusion. They might have very properly determined that the fall which plaintiff's decedent had accelerated his sickness and death. On the other hand, there was evidence which would lead to the conclusion that the fall had no connection with the death of the employee. This was a question for the determination of the jury. We are unable to conclude that it is so manifestly against the weight of the evidence as to warrant interference.

Finding no error in the proceedings in the trial court, the judgment of the lower court will be affirmed at costs of plaintiff in error. Exceptions will be allowed and entry may be drawn accordingly.

HORNBECK, PJ, concurs.
KUNKLE, J, not participating.